Next case for argument is 22-2179, Dean v. McDonough. Can I ask you a first question? I just want to know, how often does this happen that you argue two separate cases, one right after the other? It's happened to me on multiple occasions, unfortunately or fortunately, depending upon your point of view. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Lester Dean. Mr. Dean presents a question of whether or not he did or did not receive judicial review before the Veterans Court on the question that he presented. There is no dispute in this record that the Board of Veterans' Appeals decision did not address the issue of entitlement to special monthly compensation. The case law, at least as characterized by the controlling case law, was based upon the Veterans Court decision in Robinson. The Veterans Court decision in Robinson pertains to a normal claim, a claim for anything other than special monthly compensation. Why is that true? Because it has been the long-standing policy of the VA that special monthly compensation issues do not require an application and they do not require a claim. They are raised by the Secretary's duty to assist to develop evidence. The Veterans Court, in one of its earliest decisions in Akles, made clear that the Veterans Court was not even going to look at the case in which the VA had not undertaken that inquiry. What happened in this case was that the Veterans Court, based upon Robinson, imposed the duty on Mr. Dean to identify the evidence. In the context of special monthly compensation, it is the VA's duty and on review it is the Board's duty to make that inquiry. The case law that was relied upon ended up... I don't understand that you frame this issue as he didn't get judicial review. The Board talked about it. The CAVC talked about what the Board did and said the Board was right. I guess I don't understand why you're saying there wasn't judicial review. Are you saying because they said he wasn't entitled and they should have said he was entitled? I'm saying he was entitled to a decision from the Veterans Court on the question of law presented. Was there or was there not a responsibility on the part of the Board to make the Akles inquiry as to whether or not the evidence of record supported the entitlement to... And the CAVC answered the question, the negative. Are you saying they didn't answer the question because they framed it in terms of Mr. Dean did not show? Yes, and moreover... What if I interpret that as meaning the record does not show? If I could just get back to the first question for a moment. The Board of Veterans Appeals decision, which is in the record at appendix 40, did not address the issue of special monthly compensation. It did not address the issue of whether or not PTSD alone could have supported a TDIU rating to support the assignment of special monthly compensation under 1114S1. So that's why I say we didn't have judicial review because the issue we put before the Veterans Court was Mr. Dean's right as a matter of law to have the issue of special monthly compensation under 1114S1 examined. There was no examination by the Board. That was an error of law. So your issue is you were entitled to review at the Board. You're not contesting that you did get the review you're asking for at the Veterans Court. No, you know what I'm saying? Because I didn't get... Because the Board erred by failing to address special monthly compensation based upon the evidence of record that raised it, that when I asked the Veterans Court to find error, instead of finding error, they affirmed. And all they affirmed... I understand what they talked about. I'm sorry. In affirming, which you didn't like that decision on the merits, but the Veterans Court was conducting judicial review in reaching an affirmance decision, correct? Well, with all due respect, Your Honor, I do not believe they were, at least as I understand judicial review. As I understand judicial review, the Court is reviewing the actions of the Board. In this case, the affirmance of error was a failure to act. I'm sorry to interrupt it. So that means what you asked the Veterans Court to do was to remand to the Board, and that was the only thing the Veterans Court could properly do? Because all you really wanted was for the Board to decide if you get SMC? Well, I was asking the Court to find, under its case law, that the Board was required to address this issue. As the Board said, it wasn't required under these circumstances to address it. I'm sorry, Your Honor, the Board did not say that. But the Veterans Court said the Board did not have to address it. That's correct. Now, just to clarify, was the issue presented to the Board, or is the argument that the Board on its own should have considered SMC because they're obligated to do so? The latter. That's what I thought. And so in response to that, the Veterans Court said, no, there wasn't enough here to show that they were obligated to do so, so we're not going to remand. Why can't they do that? Because they relied on Robinson that imposes the burden on the veteran to point to that evidence. The reason that the Veterans Court affirmed was because the Veterans Court said that Mr. Dean had not pointed to the evidence. Where did they cite Robinson? Excuse me, at... And do they expressly say that Mr. Dean had the burden? They did, Your Honor, only if I was in here. Oh, I see, it's on page A8. Yes, sorry, that's correct. But they're not citing a part of Robinson. Oh, I'm sorry, they do it earlier, Your Honor. Do they? It's at appendix page 6 when they're describing the law. Okay. And the first sentence says, the Board is required to consider all theories of entitlement to benefits either raised by the claimant or reasonably raised by the record, and they cite their own Robinson case. So in this case, they're saying under the circumstances in terms of what the rating was, it was not incumbent on the Board to reasonably raise it on behalf of the veteran. And the CABC said, that's the case, those are the circumstances. You may disagree with the answer, you may not like it. What you're fighting is you're saying under these circumstances, they were obligated to raise it on their own. No, Your Honor. I'm relying upon the Veterans Court's own case law. It's the Veterans Court's case law beginning with Akles and then going to Bradley and then going to Bowie that specifically ultimately address in Bradley and Bowie what the responsibility of the Board's inquiry is. And in both Bradley and Bowie, in the same type of special monthly compensation, said that the case had to go back to the Board to address the issue. Well, Bowie I think is close to this, but I think clearly distinguishable. Because there, they said the record had evidence to suggest that PTSD alone might have supported TBIU. And in this case, at least it was the conclusion of the fact finders and people in the record or whatever, an issue which I doubt we have the authority to review. They thought there was not enough, there wasn't evidence in the record to suggest that PTSD alone would have supported TBIU. But there was evidence as a matter of law based upon the Court's precedential decision in Bradley. The Court's precedential decision in Bradley recognized that the rating of 70% for a psychiatric disability triggered the obligation to make that inquiry and remanded that issue back to the Board to address in the first instance because the Board did not address it. In Bowie, they clarified that when, as here, there is a grant of TBIU based upon multiple service-connected disabilities, that it's the obligation of the Board to determine whether any combination, and you used the combination in Bradley, a PTSD rating of 70% requires that inquiry. Now, the Veterans Court can't make... Sorry, I want to interrupt for a second. I just want to make sure I understand the implication of your argument, which would be that I guess the Board in all of these cases would have to say, we consider it SMC, but it's not appropriate. In any circumstance where it's possible there might be some remote chance of being able to have SMC, where do you draw the line? I'm just curious. Well, Your Honor, quite candidly, the Veterans Court discusses that in its original case in Eagles and why it's incumbent in this system that the VA take that initiative to make that critical examination. But in Bradley, they go a step further and they say that the evidence is already in the record when you've got one disability rated at 70 that then could be the basis for a single disability rated total to trigger the entitlement to special monthly compensation. It feels like you're relying on law that already exists and just feels as if it wasn't applied properly in this case. Which is precisely why I frame this in terms of having been denied judicial review. I presented a question of law that raised the question of whether or not the Board did or did not error in failing to apply. The answer I got from my appeal was that Mr. Dean had not pointed to the evidence in the record. That wasn't Mr. Dean's responsibility in the context of special monthly compensation. Didn't you also get the answer that the SMC issue is not reasonably raised by the record? Didn't the Veterans Court also say that? And that is an error of law, Your Honor. It is completely inconsistent with their holding in Bradley. Why isn't that a question of application of settled law to facts that we don't have jurisdiction over? Whether this particular record reasonably raises the possibility of SMC. But with respect, Your Honor, that wasn't the issue that I presented to the Veterans Court. Now clearly this is a unique situation in which we have a Board decision that is being appealed on the basis of what they failed to do. And to me, if I file an appeal and present that issue, then I am entitled to a yes or no answer. They did or they didn't have an obligation to do. The Board have an obligation. I'm sorry. I thought the Veterans Court clearly said the Board did not have an obligation. You don't like that answer, but isn't that the answer you got from the Veterans Court? I don't believe that's the answer that I got, Your Honor. Good morning, Your Honor. This court lacks jurisdiction to consider this case because at bottom what Mr. Dean is doing is challenging the factual determination that nothing in the record reasonably raised his eligibility for TDR. Well, can you just talk about the cases he's talked about including the Acres and mainly Bradley and how this differs from Bradley? Sure. I mean, we don't disagree with Acres nor Bradley. Bradley said that SMC has to be considered even if there's no separate claim raised specifying that the Veteran's seeking SMC. We certainly agree with that. So what's the threshold here for when they have to look at it? The threshold comes from Robinson. The Board must adjudicate claims that are reasonably raised by the record. Robinson did not specify that that had to do with ordinary claims versus SMC claims, so there's no difference. The threshold is that the claims have to be reasonably raised by the record. All that happened here was that the Veterans Court looked at this and said the claims were not reasonably raised by the record. And that was because he had only a 70% PGR 3 rating? A 70% rating alone could be the basis for a TDIU claim if you show unemployability. If you look at... What's the difference between the Baxeer and Bradley in terms of... I'm just trying to understand what this threshold is of reasonably raised. So in Bradley... I'm not as familiar with Bradley, but I know in the Bowie case before the Veterans Court, there was a distinction there. And Bowie goes farther than Bradley. But even if you're looking at Bowie, in that case, there was a distinction because there had been evidence in the record that the PTSD in this veteran's case made the veteran unemployable, that there was an issue of unemployability. To distinguish that here, Mr. Dean did not point to anything in the record that showed that his PTSD... It seems to me one of the questions here is who has to comb the record looking for that evidence? You're saying that that evidence could be relevant. And is the distinction that in Bowie, I don't know if in Bowie the board itself raised it or the veteran raised it. Is that what the distinction is? Like who has the obligation to comb the record to see if there's any potential unemployability there? Right. And we would agree with Mr. Dean that before the board, the board does have an obligation to comb the record for SMC if it's at all reasonably raised. If there's any evidence in the record of unemployability, if in addition to that evidence of unemployability, if there's some mathematical combination of the disabilities that could lead to an SMC rating, then the board would be obligated to consider that absent any claim from the veteran saying I'm asking for SMC. That's not required. So your view is that the board didn't have to comb the record because Mr. Dean on appeal to try to show that the board should have combed the record and wasn't able to show that the evidence existed to, is that what your position is? Right. Because on appeal to the veterans court. That seems a little weird, right? I mean, in a way to say that because the board would have had the duty to comb, we're going to go ahead and if they don't follow that duty, we're going to shift the burden onto the veteran? It's because the system changes a bit at the veterans court. So, you know, and the board and all proceedings before the VA, it's a non-adversarial system. But when we get to the veterans court, it's a court of law. It's a court of an appeal very similar to this court. And there are rules in terms of the burden of persuasion before that court. And so once Mr. Dean decided to appeal the board's decision to the veterans court, because he was then before the veterans court, he had the burden of persuasion to explain his. Burden of production and burden of persuasion, right? Yes. So the veterans court rules, in fact, rule 28A5 of the veterans court, which is about the contents of the brief, says it has to include an argument containing the appellant's contentions with respect to the issues and the reasons for those contentions. So here, he's kind of contending, he's making a contention that the board earned, but he's not supporting that with the reason why. He's not saying there was evidence of that. He has to explain why there was a prejudicial error? He has to explain why there was essentially, yes. So is that what this case comes down to, a prejudicial error? I mean, even if the board's prejudicial error would suggest that even if the board were required to comb the record and it didn't, when he appeals that decision, he has to point to something that they missed, that they missed because they didn't comb the record. Is that right? Essentially, yes. I would agree with that. He has to, before the veterans court, he has to point to something that was reasonably raised by the record, that the board missed, that the board should have seen in the record, that would have pointed to an eligibility for TDIU based on a single disability, that then would have pointed to SMC. So is that really what the law is? I mean, we have plenty of things in the veterans space, including the duty to assist. If you, I really don't know the answer to this. If you come in and you challenge that they didn't follow the duty to assist, do you have to show that it was harmful error, that the assistance would have led to some award of benefits, and it didn't? I find that a little unusual, the thing you're stating out there. Once you get to the veterans court, again, I think it's different at that level than it is in terms of arguments and claims that you need to make before the RO or the board, because it is a court of appeals. That question, though, still remains. I mean, if someone's arguing that there was a violation of the duty to assist, do they have to show prejudicial error in order to be able to have that considered by the veterans court, or have the veterans court remanded for the duty to assist to be provided? Do they have to? Does the veteran have to show that they would have benefited from that duty to assist in order to be able to show prejudicial error? I'm not sure, Your Honor. I don't believe so, but the duty to assist is a little bit different than what we're talking about here, because this is just an evaluation of what the claim is before the board, as opposed to the VA affirmatively assisting in terms of, say, providing a medical exam or looking for medical records. That's what I would view as what we would call the duty to assist. This is a little bit different in the sense that it's not VA assisting. It's the board as an appellate body and what it's required to look at in the record, and under Robinson, both the veterans court case and the case that was appealed to this court, only what's reasonably raised by the record is what the board needs to consider. You started off by wanting to argue the jurisdictional issue in this case. Is that the jurisdictional question, that we don't have the ability to do it? What is reasonably raised by the record is not a legal question. It's a factual question. Absolutely, that's a factual question. That's the way the veterans court considered it. They considered it by some clear error of view. This court would not have jurisdiction to go back and look at the record and say, was TDIU based on a single disability? Because the board would have looked at that. It's the board that would have had to look to see whether there was that evidence of unemployability, I guess. Right. I guess part of the confusion is reasonably raised by the record still leaves us in the question, who's got the verdict and what, right? Right. Does reasonably raised by the record mean at least the board has to comb through the record and find out if there's anything there? I mean, at base, there obviously has to be some kind of a claim of any sort that the veteran has raised before the RO and is then appealing to the board. We agree it doesn't have to specify that it's SMC, but there has to be something going on to trigger the board to even look at a case, period. How do we get more understanding of what that something is, that threshold? I think this was raised earlier by Judge Prost, but you say the only way to know what that threshold is is by looking at prior cases? Prior cases would certainly help in terms of what reasonably raises something from the record. In the case of special monthly compensation, then yes, you could look at the special monthly compensation cases, such as Bradley and Bowie from the Veterans Court, and say, well, what's enough to raise the issue of special monthly compensation before the board? You think that's a factual and not a legal question? I think it's a factual question in this case, because all the Veterans Court did was apply Bradley, Bowie, Akers, those cases to say you didn't rate it. Because under those cases, there has to be something reasonably raised by the record, and there was nothing here reasonably raised by the record showing that a single disability could fulfill the TDIU criteria, that it was just an application of those cases to the facts here. And you're saying it just makes sense that the veteran is the one who's appealing the board decision to the CAVC, so in order to get it overturned, they would have to point to what's reasonably raised in the record that would require the board to act? Yes, Your Honor, exactly. At the level of the Veterans Court, they would have to point to some error that the board made, that there was something reasonably raised in the record that the board missed and didn't consider, and in this case, Mr. Dean does not bring that up at all. He doesn't point to what evidence. In fact, it's not even clear whether it's the PTSD that he's saying is a single disability or if there's some other combination out there, even at this point in the appeal. Wouldn't you, for TDIU, don't you need 100% disability on something? A single disability of 100%? That's what I understood the background law was in terms of what he would have to prove here. No, so the background for TDIU is from 4.16a, which is that you have to have either one disability rated at 60% or more or two disabilities, at least one rateable at 40% or more with a combined rating to 70% or more because TDIU doesn't, other than those thresholds, it doesn't turn on the percent disability rating. It turns on this phrase, which is... S1, and I thought in S1 it said SMC if the veteran has a service-connected disability rated as total and he has additional service-connected. So I may be wrong, but I understood that to mean that he needs one at 100%. He needs one that is rated as total, and so... Does that mean one rated at 100% or is that not what... Not exactly because it's referring to 4.16a, which I just mentioned before. So you can have a total disability rating based on unemployability, even if the underlying disability is not compensated at 100% because if you have that showing of unemployability, that meets the criteria to be considered a service-connected disability rated as total in 1114S. So it would not necessarily be that the PTSD or whatever he was claiming would have to be rated as 100%. It would be that the PTSD would be considered a total disability under 4.16a or possibly 4.16b, and then that would count in 1114S as the service-connected disability rated as total, and then he would also have to have other additional disabilities. I think I'm still struggling with what issue is before us and what the government's view is on it. I understand today Mr. Carpenter is saying he asked the Veterans Court to decide, did the board have an obligation to address SMC? If that is the question he presented to the Veterans Court, did they answer it? Did they tell the board whether it had an obligation to address SMC? Absolutely. The way that Mr. Dean frames the issue here is this judicial review, and I think there's no question here that the Veterans Court addressed the exact issue that Mr. Dean raised before it and went into a detailed analysis about why it rejected the argument. Where does the Veterans Court answer that question? Presumably we agree the answer is no, the board did not have an obligation to do so. If you look at appendix page 7, it says in the middle of the page under the discussion section, the appellant asked this court to address whether the board earned by failing to adjudicate SMC. That's precisely the issue that Mr. Dean says he raised before the Veterans Court today and that he said in his briefs, and if so, to determine the proper remedy. And then the following sentence says the court is not persuaded by his arguments. And then the whole rest of the decision essentially explains why the Veterans Court was not persuaded that the board earned in failing to adjudicate SMC. So I'm not sure how that doesn't count as judicial review. Judicial review is basically a court's review of a lower court's or an administrative body's factual or legal findings. That's exactly what happened here. And as I said, the court specifically addressed the issue that Mr. Dean raised. So in terms of the judicial review argument, we think there's no basis to support that argument. Although it seems a little bit like although he's framed it as a judicial review argument, that his argument is more about what we've been discussing previously about recently raised by the record. I see I'm over time, so there's no further questions. Thank you. I'd like to direct the court's attention to. The November 24th, 2014 rating decision, which is in the record beginning at Appendix 17. At Appendix 24, it indicates that entitlement to individual unemployability was granted effective October 16, 2012. If you continue in the appendix to Appendix 27, you will see in what is called the code sheet at Appendix 27, the post-traumatic stress disorder had a 70% rating from 2012. This was the evidence that was in the record at the time of the board's decision. And if you look at the additional disabilities below there, at that time, they did not qualify for SMC. But later, there was a rating decision in which he was granted additional disabilities. And that's in the record at. I'm sorry. 85 to 97. And at that time, he then met the and additional disabilities that qualify for 60% or more to trigger the application of 1114-S1. And to answer your question, Judge Prost, to the government, the Bradley decision was the decision that changed the view that you read 1114-S to mean you had to have a 100% scheduler rating. The holding in Bradley was it could be either a 100% scheduler rating or a single disability that TDIU was granted for as the component for the first requirement of 1114-S. Let me ask you one other quick question before the time runs out, which is I understand from the briefing that you raised either the same or related SMC theory in a separate proceeding? There is a proceeding before the agency in which he has been repeatedly denied SMC by the agency. If this appeal is not granted, then he will have the additional avenue to proceed to deal with whether or not the agency that denied it correctly denied it. Thank you.